**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MEGAN CARROLL,          )
                                   )
      **Plaintiff,**        )
                                   )
      **v.**                   )      C.A. No.: N22C-08-459 CEB
                                   )
FOREWINDS GARRISONS   )
LAKE, LLC, and          )
FOREWINDS             )
HOSPITALITY, LLC,     )
                                   )
      **Defendants.**     )

Submitted: April 3, 2025
Decided: April 30, 2025

## <u>ORDER</u>

1.     This may be recalled as "The Case of the Stolen Golf Cart," in which the Plaintiff sought money damages from the Defendant golf course because a young man stole one of their golf carts. That man brought the stolen cart to a party where another young man took the Plaintiff out for a ride on the stolen cart, wrecked the cart, injuring the Plaintiff. The suit against the golf course was predicated on a theory of negligence in its alleged failure to secure the said golf cart from the cart thief.

2.     The Court granted summary judgment to the golf course, finding that it was not on notice of potential golf cart thievery and therefore theft of the cart was

not foreseeable so as to impose tort liability for allegedly failing to properly secure the golf cart.

3.      Plaintiff duly took an appeal of that ruling, which ruling was affirmed by the Delaware Supreme Court, which upheld the finding of the unforeseeability of golf cart thieves on the record presented.

4.      Somewhere between the Superior Court's ruling and the reply brief on appeal in the Delaware Supreme Court, Plaintiff claimed that Defendant had a duty to "eliminate the dangers of an artificial condition or otherwise protect children under the 'attractive nuisance doctrine.'"[1]  The Supreme Court noted that "Carroll did not make an attractive nuisance argument in her Opening Brief" and that she had therefore "waived her argument on the applicability of the attractive nuisance doctrine."[2]  The Court also ruled that her belated claims of liability under Title 21 – the motor vehicle code – were waived.[3]  To this the Court might add that neither did Plaintiff reference alternate theories of negligence liability in her resistance to the golf course's summary judgment motion.

---

[1] *Carroll v. Forewinds Garrisons Lake LLC*, 2025 WL 855673, at *4 (Del. Mar. 19, 2025).

[2] *Id*.

[3] *Id.* (citing Supr. Ct. R. 14(b)(vi)(3)).

5. After denial of a motion to reargue in the Delaware Supreme Court, that Court issued its Mandate to Superior Court. The "Mandate to the Clerk of Court Below" says "**Case closed**" in bold letters.[4]

6. Apparently, Plaintiff's counsel disagrees. Rather, counsel has filed a "Motion for a New Trial Scheduling Order," this time "concerning Plaintiff's remaining claims against Defendants." Counsel would have the Court convene a scheduling conference to allow Plaintiff to proceed on her attractive nuisance and Title 21 claims – the ones not mentioned in the summary judgment briefing and deemed waived in the Supreme Court – all of which are but enumerations of her single count of negligence against the golf course. The reader will recall that the golf course's negligence and its duty to cart thieves (and their passengers) was the basis for the Court's granting summary judgment in the first place.

7. Now Plaintiff says her appeal was not an appeal of a final order but rather an "interlocutory appeal" of an "interlocutory order."[5] Interlocutory appeals, however, are governed by Rule 42 of the Delaware Supreme Court. Included within that rule is a requirement that the interlocutory appellant apply to the trial court for a certification on "Official Form L." Needless to say, no "Form L."[6]

---

[4] D.I. 89 Mandate to the Clerk of Court Below at 1 (Apr. 4, 2025), Trans. ID 76005411 (emphasis original) [hereinafter Mandate to the Clerk of Court Below at 1].

[5] D.I. 86 Pl.'s Mot. for a New Trial Scheduling Order at 3 (Apr. 1, 2025), Trans. ID 75981694.
[6] Supr. Ct. R. 42(c)(iv).

3

8.      There was no application for leave to file an interlocutory appeal because it was` not an interlocutory appeal.  The trial court found that the golf course did not owe Plaintiff a duty of care and her negligence claim against the golf course was dismissed.[7]  To spin around now and urge that all that was not an appeal of a final order is, as they say, disingenuous at best.  As the Supreme Court Mandate said so eloquently, "Case Closed."

9.      Plaintiff's motion for a new trial scheduling order is **DENIED**.

**IT IS SO ORDERED.**

_____
Charles E. Butler, Resident Judge

---

[7] Carroll v. Bennett, 2024 WL 2830633, at *3 (Del. Super. June 4, 2024), *aff'd sub nom. Carroll v. Forewinds Garrisons Lake LLC*, 2025 WL 855673 (Del. Mar. 19, 2025).